UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MAE DUMAS, *et al.*,

        Plaintiffs,

                              Case No. 12-13739
vs.                                     HON. GERSHWIN A. DRAIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, *et al.*,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS [#2], [#3] AND GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [#17]

Plaintiffs, Lowana Shanell Dumas and Wille Mae Dumas, filed their original complaint on August 23, 2012, as well as applications to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2 and 3. Upon reviewing the applications, the court is persuaded that Plaintiffs are unable to pay the fees associated with the filing of their complaint. Plaintiffs' application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1). However, this cause of action is subject to dismissal because Plaintiffs have failed to identify a waiver of sovereign immunity as to the asserted claims nor do they assert viable claims in their First Amended Complaint.

On January 4, 2013, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. *See* Dkt. No. 13. Plaintiffs filed an Amended Complaint in lieu of responding to Defendants' Motion to Dismiss. *See* Dkt. No. 14. Defendants filed a Motion to Dismiss First Amended Complaint on

-1-

February 8, 2013.  Upon review of Plaintiffs' Amended Complaint, the Court finds that it suffers from the same problems as Plaintiffs' original complaint, therefore the Court GRANTS Defendants' Motion to Dismiss First Amended Complaint.  *See* 28 U.S.C. 1915(e)(2) (where *informa pauperis* status is granted, a court is required to dismiss the complaint at any time if it determines that the complaint fails to state a claim.)

   Plaintiffs bring this action asserting claims against the Equal Employment Opportunity Commission ("EEOC") and its employees based on Plaintiffs' visit to the EEOC Detroit Field Office on March 12, 2012 to file their respective employment discrimination claims.   A review of Plaintiffs' Amended Complaint establishes that this Court is without subject matter jurisdiction over this cause of action.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied*, 461 U.S. 918 (1983)).

   "[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).  Plaintiffs' Amended Complaint alleges that it is brought pursuant to the Administrative Procedures Act ("APA").   The gist of Plaintiffs' allegations concern their complaints in regard to the EEOC's and its employees handling of their employment discrimination claims.  However, Plaintiffs cannot rely on the waiver of sovereign immunity under the APA to bring their claims.  *See Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983).   Under the APA, "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.  Not all agency activities fall within the purview of the APA.  *Id.* (citing *ITT v. Electrical Workers*, 419 U.S. 428, 443 (1975)).  An agency action is

reviewable only if the action has "determinate consequences for the party to the proceeding." *ITT*, 419 U.S. at 443; *see also Air California v. United States Dep't of Transportation*, 654 F.2d 616, 621 n. 6 (9th Cir. 1981).

Here, the EEOC's alleged "negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability." *Ward*, 719 F.2d at 313-14. Further, Plaintiffs may remedy the EEOC's negligence in the prosecution of their employment discrimination claims by filing suit directly against their employers. Thus the "no adequate remedy in a court" element of the APA is not met. *See Hall v. EEOC*, 456 F. Supp. 695, 701 (N.D. Cal. 1978).

Plaintiffs also cannot rely on the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), to establish Defendants have waived their sovereign immunity. Before an action may be brought under the FTCA, an administrative claim must be presented to the agency employing the person whose act or omission allegedly caused the injury. *See* 28 U.S.C. § 2675(a). Presentation of the claim is a jurisdictional prerequisite to suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiffs did not allege in their original complaint that they exhausted their administrative remedies prior to filing suit, nor did they remedy this defect in their Amended Complaint. Therefore, Plaintiffs likewise cannot rely on the FTCA waiver of sovereign immunity to bring their claims.

Further, to the extent Plaintiffs allege a claim under Title VII, there is no waiver of sovereign immunity from suit, and therefore the Court lacks jurisdiction. *See Brinac v. EEOC*, 996 F.2d 304 (5th Cir. 1993) (finding that the plaintiff's claim was subject to dismissal because there is no statutory consent to such suit under Title VII).

Plaintiffs' claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 are likewise subject to

dismissal. It is well established that the United States has not consented to suit under the Civil Rights Acts, 42 U.S.C. §§ 1981-1986 (1994). *See Unimex, Inc. v. HUD*, 594 F.2d 1060, 1061 (5th Cir. 1979). "The mere fact that federal legislation protects these rights does not imply that the United States has waived its immunity." *Id.* (citing *United States v. Testan*, 424 U.S. 392, 400-01 (1976)). Additionally, § 1983 provides a remedy for violations of constitutional rights by persons acting under color of state law, thus there is no basis for a claim against a federal agency or federal officials acting under color of federal law. *See Ibrahim v. Department of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008); *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978).

Furthermore, in addition to Plaintiffs failure to identify a waiver of sovereign immunity, their First Amended Complaint fails to allege a viable cause of action for violations of constitutional and civil rights. The claims against the EEOC and its employees are similar to those brought by the plaintiff in *Jackson v. Frank*, No. 90-1266, 1990 U.S. App. LEXIS 20669 (6th Cir. Nov. 23, 1990), in which the plaintiff alleged that the actions of the defendant EEOC employee violated a number of constitutional and civil rights. *Jackson*, 1990 U.S. App. LEXIS 20669 at *1. The *Jackson* court affirmed the district court's dismissal of the plaintiff's claim, recognizing that "the EEOC and its employees are not subject to suit for actions taken in their review of complaints for discrimination." *Jackson*, 1990 U.S. App. LEXIS 20669 at *3 (citing *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984) and *Gibson v. Missouri Pac. R.R.*, 579 F.2d 890, 891 (7th Cir. 1978)(per curiam), *cert. denied*, 440 U.S. 921 (1979).

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss First Amended Complaint [#17] is GRANTED.

Defendants' Motion to Dismiss [#13] is MOOT.

This cause of action is dismissed.

SO ORDERED.

Dated: February 25, 2013

                                      /s/ Gershwin A Drain
                                      Gershwin A. Drain
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 25, 2013, by electronic and/or ordinary mail.

s/ Tanya R Bankston
Deputy Clerk